CECIL C. CUTRER, Judge pro tem.
This is a suit to recover $1,325.00, an indebtedness arising out of the issuance of an interim title insurance binder and mort *19 gagee’s title insurance policy in the amount of $270,000.00, which was issued by the plaintiff, Lawyers Title Insurance Corporation, at the request of defendant, Clement B. Guillot, Sr. Judgment in favor of the plaintiff, Lawyers Title Insurance Corporation, and against the defendant, Clement B. Guillot, Sr., in the amount of $1,325.00 was stipulated by the parties to this proceeding. Defendant, Guillot, filed a third party action joining Louise Kabel as a third party defendant, alleging that Miss Kabel was liable to Guillot for the amount of the title insurance obligation and other expenses incurred by him arising out of an agreement entered into by and between Guillot and Miss Kabel. The trial court rendered reasons for judgment as follows :
“By stipulation entered into by all parties herein on the 26th day of April, 1961, judgment will be entered in favor of the plaintiff, LAWYERS TITLE INSURANCE CORPORATION, and against the defendant, CLEMENT B. GUILLOT, SR., for the sum of $1,-325.00.
“The Court is convinced from the evidence adduced that there should be a judgment in this matter in favor of the defendant, CLEMENT B. GUIL-LOT, SR., and against the third party defendant, MISS LOUISE KABEL, for the sum of $5,950.00.- This sum is arrived at in the following manner:
“The amount of judgment in favor of the plaintiff, Lawyers Title Insurance Corporation, and against the defendant, Clement B. Guillot,
Sr. $1,325.00
“The amount the defendant expended for architects’ fees for plans and specifications .■. 4,250.00
“For cleaning the property .. 125.00
“For attorney’s fees for services of John E. Fleury .... 250.00
$5,950.00 TOTAL
“The Court is disallowing the item of $1,500.00, which the defendant, Clement B. Guillot, Sr., claims for time used in conferences with the bank and Miss Louise Kabel.
“Judgment will be rendered accordingly.”
The issue to be determined is whether an agreement was entered into by and between Guillot and Miss Kabel and, if so, what expenses or obligations, if any, were incurred by Guillot as a result of the agreement.
The evidence preponderates that prior to October 11, 1957, Guillot, on several occasions, met with Miss Kabel and her representative, Ernest Kabel, for the purpose of discussing the financing and construction by Guillot of certain commercial buildings upon property owned by Miss Kabel. Following these negotiation meetings, and on October 11, 1957, these three persons met at the office of Mr. Guillot’s attorney, John E. Fleury, and there again discussed the proposed construction and financing of same. Mr. Guillot and his attorney, John E. Fleury, both unequivocally testified that Miss Kabel through her representative, Ernest Kabel, agreed that Guillot would effectuate the planning and construction of the proposed commercial buildings for Miss Kabel. The parties further agreed that Guillot would further finance the construction in the amount of $270,000.00 which would be repaid to him with 6 per cent interest. It was contemplated that the property would be mortgaged to the defendant to secure this sum of money. On that day, October 11, 1957, Mr. Fleury applied to the plaintiff, Lawyers Title Insurance Corporation, for an interim title insurance binder and a mortgagee’s title insurance policy in the amount of $270,000.00. This title insurance policy or binder was issued and covered the property owned by Miss Kabel. Subsequent to this meeting, Guillot retained the services of Grimball & Van Amerongen, Architects, for the purpose of preparing plans for the proposed structure. These *20 plans were prepared and as a result thereof, Guillot became obligated to the architects fo'r the sum of $4,250.00. The defendant testified that in contemplation of this construction he, through his, employees, cleared the property of weeds or rubbish at a cost of $125.00. For the services rendered by the defendant’s attorney, John E. Fleury, the defendant incurred an obligation of $250.00.
Sometime subsequent to the meeting of October 11, 1957, Miss Kabel, through her representative, made application to the First National Bank for a loan of $125,000.-00, which was secured by an encumbrance upon the property in question. The defendant’s attorney, Mr. Fleury, who was also attorney for the bank, became aware of this subsequent loan to Miss Kabel while he was attending a meeting of the bank’s board of directors. Mr. Fleury then realized, and so notified Guillot, of Miss Kabel’s arrangements with the bank.
Miss Kabel and her representative, Ernest Kabel, both denied that they made an agreement with Guillot upon their visit to the office of Mr. Fleury on October 11, 1957, however, the trial judge was obviously unimpressed with this testimony.
The law of the case is as follows:
LSA-Civil Code, Article 1901, reads as follows:
“Agreements legally entered into have the effect of laws on those who have formed them.
“They can not be revoked, unless by mutual consent of the parties, or for causes acknowledged by law.
“They must be performed with good faith.”
LSA-Revised Civil Code, Article 1930:
“The obligations of contract (contracts) extending to whatsoever is incident to such contracts, the party who violates them, is liable, as one of the incidents of his obligations, to the payment of the damages, which the other party has sustained by his default.”
LSA-Revised Civil Code, Article 1934:
“Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, * *
In Faraldo v. Ferdinand Gumbel & Company, 128 La. 287, 54 So. 821, the court citing Mr. Sutherland in his work on damages, (3rd ed.) Sec. 1119, said as follows :
“That whether the action be on contract or in tort the proper measure, except where punitive damages are allowed, is a just indemnity to the party injured for the loss which is the natural, reasonable, and proximate result of the wrongful act complained of, and which a proper degree of prudence on the part of the person complaining would not have averted. * * * ”
As we review this record, the testimony and exhibits we agree that the trial judge was imminently correct in concluding that these parties had entered into an agreement and that Mr. Guillot had performed certain services and incurred obligations as a result of this agreement and for which obligations and services he is entitled to recovery.
The defendant’s claim for the services which he personally had rendered in regard to the negotiations, and the other matters pertaining to this loan in the amount of $1,500.00, was disallowed by the trial court and, we find, correctly so. The other items of recovery were proven by a preponderance of the evidence and we find no manifest error in the trial court’s decision.
For the reasons set forth hereinabove, the judgment of the lower court is affirmed at appellant’s cost.
Judgment affirmed.